| | |
|---|---|
| Case No.    SACV 18-0213 JFW (SS) | Date: February 28, 2018<br>Page 1 of 6 |

Title:    Harvey L. Wilbourn v. Saddleback Memorial Medical Center

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DEEM PLAINTIFF A VEXATIOUS LITIGANT AND IMPOSE PRE-FILING RESTRICTIONS**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On February 7, 2018, Harvey L. Wilbourn ("Plaintiff") filed a complaint in the above-referenced case. Plaintiff has filed a pattern of patently frivolous civil complaints in the Central District of California and the Superior Court of Washington. Included within this Order are the case name and number of Plaintiff's previous actions. This information is from the Central District of California docket and the Westlaw research database. The Court takes judicial notice of Plaintiff's prior filings as reflected on the docket. See Fed. R. Evid. 201(c); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (the court may take judicial notice of matters of public record). None of these actions resulted in a judgment favorable to Plaintiff. Moreover, many of them have been dismissed as patently frivolous or for failure to state a claim.

**UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     SACV 18-0213 JFW (SS)                        Date: February 28, 2018  
                                                                              Page 2 of 6

Title:         Harvey L. Wilbourn v. Saddleback Memorial Medical Center

The Court finds that it is appropriate to warn Plaintiff that he may be deemed a **vexatious litigant**. This Order places Plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon him before he may file any future petition, complaint, or in forma pauperis application with this Court.

Central District of California Local Rule ("L.R.") 83-8 governs vexatious litigants. L.R. 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." See L.R. 83-8.3. This Court finds, as discussed more fully below, that Petitioner has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

District courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Accordingly, the Ninth Circuit has set forth four factors that a court must examine before issuing a pre-filing order on a finding that a litigant is vexatious:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Id. (internal quotations and citations omitted). The Court will address the four factors below.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   SACV 18-0213 JFW (SS)                Date: February 28, 2018
                                                 Page 3 of 6

Title:   Harvey L. Wilbourn v. Saddleback Memorial Medical Center

1)   Notice And Opportunity To Be Heard

The Court hereby notifies Plaintiff that it is considering a vexatious litigant order for the reasons set forth in this Order. As discussed below, Plaintiff must file a written response to this Order within **fourteen (14) days** of the date of this Order.

2)   An Adequate Record For Review

The Court attaches copies of either the docket list of cases, by case name and number, or the first page of a particular case's docket record, to demonstrate the multiple cases filed by Plaintiff since 2002. A review of these complaints on the electronic docketing system for the Central District of California, and the legal research database Westlaw, reveals that none of Plaintiff's actions had any merit.

3)   Substantive Findings About The Frivolous Or Harassing Nature Of Plaintiff's Litigation

Plaintiff has already filed at least five unsuccessful civil complaints in this Court. The Court finds that Plaintiff's civil actions can be fairly characterized as frivolous and harassing:

Wilbourn v. United States Postal Service, CV 17-7822 JFW (SS). Plaintiff sued the U.S. Postal Service for various civil rights violations. The Court denied IFP status on the grounds that the allegations of the complaint appeared to lack any substance in fact or law.

Wilbourn v. Social Security Administration, CV 17-5758 JFW (SS). Plaintiff brought a civil rights action against the Social Security Administration. The Court denied IFP status because Plaintiff's complaint failed to state a claim and amendment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    SACV 18-0213 JFW (SS)                    Date: February 28, 2018
                                                     Page 4 of 6

Title:      Harvey L. Wilbourn v. Saddleback Memorial Medical Center

would be futile. Plaintiff appealed the district court's decision. The Ninth Circuit dismissed the appeal for failure to prosecute. See 9th Cir. Case No. 17-56630.

Wilbourn v. Shurman-Austin, CV 13-0267 UA (SS). Plaintiff brought a civil action against an Administrative Law Judge. Because an Administrative Law Judge is entitled to immunity, the Court denied Plaintiff's request to proceed in forma pauperis.

Wilbourn v. Yaroslavsky, CV 03-7445 RGK (SS). Plaintiff brought a civil action against the Los Angeles County Metropolitan Transportation Authority, alleging a civil rights violation. The Court granted summary judgment against the Plaintiff based on his failure to respond.

Wilbourn v. Ledbetter, CV 02-0157 JFW (FMO)  Plaintiff brought a civil rights action against the Orange County Sheriff's Department, a deputy and the County of Orange through its housing and Community Development Department. The Court dismissed this case because the statute of limitations had passed, and Plaintiff asserted invalid claims.

Plaintiff has also filed an action in the Superior Court of Washington that resulted in a unfavorable judgment to Plaintiff for similar reasons as noted above.

Wilbourn v. Kocarek, No. 04-2-24644-0SEA. Plaintiff brought a civil action, in the Superior Court of Washington, against Harborview Medical Center, University of Washington Medical Center, and a doctor. There, the court dismissed Plaintiff's action with prejudice.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.    SACV 18-0213 JFW (SS)                    Date: February 28, 2018
                                                     Page 5 of 6

Title:    <u>Harvey L. Wilbourn v. Saddleback Memorial Medical Center</u>

As is demonstrated by these cases, Plaintiff shows a pattern of filing complaints that are frivolous or fail to state a claim. Indeed, he has filed several frivolous complaints against governmental agencies that resulted in a judgment unfavorable to Plaintiff.

4)    A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. <u>In re Oliver</u>, 682 F. 2d 443, 445 (3rd Cir. 1982). As Plaintiff's litigation history shows, he has demonstrated a pattern of filing harassing and frivolous lawsuits against a variety of defendants. <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990). Thus, an order preventing Plaintiff from filing any future complaints against any defendant, without court permission, is appropriate in this situation.

If Plaintiff is found to be a vexatious litigant, this Court will recommend an order that the Clerk of this Court shall not accept for filing any further IFP applications or complaints by Plaintiff Harvey L. Wilbourn without first obtaining leave from a Judge of this Court. If Plaintiff wants to file an action, he must first file a motion for leave to file a complaint. Plaintiff must submit a copy of the Order declaring him to be a vexatious litigant and a copy of the proposed complaint with any such motion. If the Court does not grant Plaintiff written permission to file a complaint within 30 days of the date of his motion, permission will be deemed denied.

**Plaintiff is hereby ORDERED to file a response to this Order to Show Cause within 14 days of the date of this Order.** Plaintiff must demonstrate to the Court grounds to controvert the findings above, absent which it is likely that Plaintiff will be deemed a vexatious litigant. **If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) instead of**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    SACV 18-0213 JFW (SS)                    Date: February 28, 2018
                                                     Page 6 of 6

Title:      Harvey L. Wilbourn v. Saddleback Memorial Medical Center

**filing a response to this Order.  A Notice of Dismissal form is attached for Plaintiff's convenience.**  The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

    IT IS SO ORDERED.